UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

MIGUEL NEGRON & IRENE NEGRON               CASE No.: 1:11-cv-01544-SLT -MDG

                Plaintiff,                AMENDED COMPLAINT

       -against-                       PLAINTIFF(S) DEMAND
                                                                  TRIAL BY JURY

THE CITY OF NEW YORK,
P.O. LAURINDO A. MARSH (SH. 15840)
P.O. ALAN ROSENTHAL (SH. 27584)
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

                Defendant(s)
-----------------------------------------------------------------

      Plaintiff, MIGUEL NEGRON & IRENE NEGRON, by their attorney, Paul Hale Esq., complaining of the defendants, The City of New York, P.O. LAURINDO A. MARSH (SH. 15840), P.O. ALAN ROSENTHAL (SH. 27584), Police Officers "John" and "Jane" Doe, collectively referred to as the Defendants, upon information and belief alleges as follows:

**NATURE OF THE ACTION**

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth

       Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff MIGUEL NEGRON resides in New York and is a resident of the State of New York.

7. Plaintiff IRENE NEGRON resides in New York and is a resident of the State of New York.

8. P.O. LAURINDO A. MARSH (SH. 15840) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

9. P.O. ALAN ROSENTHAL (SH. 27584) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

10. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

11. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12. On or about 8/27/2010 at approximately 1 AM plaintiffs were at their home at 135 Washington Walk #1E Brooklyn, NY 11206.

13. At the above time and place MIGUEL NEGRON's brother-n-law called 911 to report that MIGUEL NEGRON was suffering from heart palpitations. Mr. NEGRON suffers from heart murmurs.

14. Mr. NEGRON was placed on the floor and was close to passing out from these palpitations.

15. After 911 was called a large number of uniformed police officers showed up at the above premises.

16. These police officers followed EMS workers into the private residence without consent or a warrant.

17. Once the police officers were inside they began to harass all parties present.

18. Mr. NEGRON was attempting to stand up to walk to the ambulance when P.O. ALAN ROSENTHAL (SH. 27584) knocked him down to the ground with his elbow.

19. At this point IRENE NEGRON began to shout at the officers, telling them that her husband suffers from a "bad heart."

20. The officers' response to MS. NEGRON was to place her under arrest.

21. P.O. LAURINDO A. MARSH (SH. 15840) called MS. NEGRON a "bitch, hood rat" during her arrest.

22. The officers then handcuffed MR. NEGRON despite him consistently asking for medical help.

23. At some point, OFFICER MARSH told MS. NEGRON's son, "I'm taking your fucking bitch mother to jail and your dad to the loony bin."

24. Mr. NEGRON was then placed in the back of a police car driven by an OFFICER ROSENTHAL.

25. Ms. NEGRON was placed in a car driven by OFFICER MARSH.

26. While Ms. NEGRON was in the car OFFICER MARSH looked up Ms. NEGRON's past and noticed there was a domestic violence call in the past, when he discovered this he told her, "I see you had a DV case, your bitch ass probable deserved it."

27. Ms. NEGRON was then transported to PSA 3. While being taken out of the car OFFICER MARSH placed Ms. NEGRON in a choke hold and asked her, "Who do you think I am?" Ms. NEGRON's neck hurt for days from this hold.

28. Ms. NEGRON was forced to stay handcuffed for approximately 8 hours until an officer from another shift took the handcuffs off in the morning.

29. Ms. NEGRON was then transported to central booking and was released at approximately 10 pm the same day.

30. Ms. NEGRON was given an ACD after approximately 4 court appearances.

31. When Mr. NEGRON was placed in the squad car he kept telling the officer that his chest hurt and he needed help for his heart.

32. OFFICER ROSENTHAL's response was to keep telling Mr. NEGRON that he "was going to kick his ass if he didn't shut up". This was repeated at least five times during the 15 minute car ride to Pct. PSA 3.

33. In the Pct. parking lot Mr. NEGRON was dragged out of the car by OFFICER ROSENTHAL. OFFICER ROSENTHAL did this by grabbing Mr. NEGRON's neck and waist band.

34. When OFFICER ROSENTHAL threw Mr. NEGRON out of the car Mr. NEGRON landed on his handcuffed wrists - this broke MR. NEGRON's wrist.

35. Mr. NEGRON screamed to the officer, "You broke my hand!" at least three times.

36. OFFICER ROSENTHAL responded by lifting Mr. NEGRON up off the ground by his handcuffs.

37. Mr. NEGRON then had his hands pulled up higher than his shoulders as he was marched into the station house.

38. Once inside the station house he was thrown into a plastic table which resulted in a laceration to his chest.

39. Mr. NEGRON was placed in a holding cell where he continued to complain about his wrist and chest pains.

40. Eventually Mr. NEGRON passed out.

41. Mr. NEGRON then remembers waking up at Woodhull hospital.

42. From Woodhull Mr. NEGRON was transported back to PSA 3.

43. From PSA 3 Mr. NEGRON was transported to central booking.

44. Mr. Negron was released at 11 AM the same day.

45. Mr. NEGRON eventually received an ACD after 4 court appearances.

46. Both plaintiffs sought medical treatment after they were released from custody.

47. MR. NEGRON's injuries include but are not limited to, a fractured wrist, lacerations, bruises, and exacerbated heart palpitations.

48. MS. NEGRON's injuries include but are not limited to, stiff neck and sore back, bruises, and a possible wrist fracture.

49. At no time did plaintiffs commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

50. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

51. The unlawful arrest of plaintiffs, plaintiffs' wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

52. As a direct and proximate result of their unlawful detention, assault, confinement, Plaintiffs have lived in terror of their attack, and continue to suffer from nightmares, are fearful of going outside and when they sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in their personal relationships, in and outside of their home.

53. As a direct and proximate result of defendant's actions, plaintiffs were arrested and detained without just or probable cause.

54. As a direct and proximate result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New

York.

55. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

56. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

57. The actions of defendants, acting under color of State law, deprived plaintiffs of thier rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

58. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

59. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983-against all Defendants.

60. Plaintiffs hereby restate all paragraphs above of this complaint, as though fully set forth below.

61. By detaining and imprisoning plaintiffs, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting her, the Officers, Defendants deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

62. In addition, the Defendants conspired among themselves to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

63. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

64. As a direct and proximate cause of the acts of the defendants, plaintiffs suffered the following injuries and damages:

    A. An arrest not based upon probable cause;
    B. Unwarranted and malicious criminal prosecution;
    C. Deprivation of liberty without due process of law;
    D. Excessive force imposed upon him;

    E.  Summary punishment imposed upon him; and

    F.  Denied equal protection under the law.

65. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
### New York State Constitution, Art. 1 Section 12 against all Defendants

66. Plaintiffs hereby restate all paragraphs of this complaint, as though fully set forth below.

67. By detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officer deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

68. In addition, the Defendant Officers conspired among themselves to deprive plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

69. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution.

70. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiffs' deprivation of their state constitutional rights. Defendants, as employer, are, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

71. As a direct and proximate result of the misconduct and abuse of authority detailed above,

plaintiff sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:
### Assault and Battery--all Defendants

72. Plaintiffs hereby restates all paragraphs of this complaint, as though fully set forth below.

73. In physically assaulting, handcuffing, threatening, intimidating plaintiff, the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

74. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiffs sustained the damages hereinbefore stated.

## AS A FOURTH CAUSE OF ACTION:
### False Arrest and False Imprisonment--all Defendants

75. Plaintiffs hereby restates all paragraphs of this complaint, as though fully set forth below

76. The Defendants wrongfully and illegally detained, and imprisoned the Plaintiff.

77. The wrongful arrest and imprisonment of the Plaintiffs was carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

78. At all relevant times, the Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiffs.

79. During this period, the Plaintiffs were unlawfully and wrongfully assaulted, harassed, detained, and threatened.

80. Throughout this period, the Plaintiffs were unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned.

81. All of the foregoing occurred without any fault or provocation on the part of the Plaintiffs.

82. Defendants, their officers, agents, servants, and employees were responsible for plaintiffs' detention and imprisonment during this period of time. Defendants, as employer, are responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

83. The Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiffs.

84. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## <u>AS FOR A FIFTH CAUSE OF ACTION:</u>
**Intentional Infliction of Emotional Distress-all Defendants**

85. The Plaintiffs hereby restate all paragraphs of this complaint, as though fully set forth below.

86. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

87. Plaintiffs' emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendant Officers.

88. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

89. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS A SIXTH CAUSE OF ACTION:
**Negligent and Retention of Employment Services-against all Defendants.**

90. Plaintiffs hereby restate all paragraphs of this Complaint, as though fully set forth below.

91. Upon information and belief, defendants, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

92. Upon information and belief, defendants owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from this conduct.

93. Upon information and belief, defendants knew or should have known through the exercise of reasonable diligence that their employees were not prudent.

94. Upon information and belief, defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiffs' injuries.

95. Upon information and belief, because of the defendant's negligent hiring and retention of the aforementioned Defendants, Plaintiffs incurred significant and lasting injuries.

## AS A SEVENTH CAUSE OF ACTION:
**Negligence against all Defendants**

96. Plaintiffs repeat and reallege all paragraphs as if each paragraph is repeated verbatim herein.

97. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

98. That by reason of the said negligence, plaintiffs suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled

since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as they were forced to, and are still forced to expend sums of money on medical treatment; that they were deprived of her pursuits and interests and verily believes that in the future they will continue to be deprived of such pursuits; and that said injuries are permanent.

99. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**WHEREFORE,** plaintiffs respectfully request judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

6. On the Sixth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

7. On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

8. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

8/22/2011
Brooklyn, New York

    Respectfully Submitted

    _____

    By:   Paul Hale, Esq
    26 Court St. Ste 1901
    Brooklyn, NY 11242
    (718) 554-7344